UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDY KEY,

        Plaintiff,

v.

                           CASE No. 8:09-CV-1876-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

        The plaintiff, who was thirty-eight years old at the time of the most recent administrative hearing and who has an eighth grade education,

_____

      [*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

has worked as a construction site cleaner, auto-parts delivery driver, and waitress (Tr. 114, 751-52). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to seizures, epilepsy, severe headaches, and back problems (Tr. 97). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing on May 17, 2005, before an administrative law judge. The law judge found that the plaintiff had severe impairments that limited her to a range of light work (Tr. 42-59). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform (Tr. 58). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

Upon the plaintiff's request for review, the Appeals Council vacated the decision and remanded the case for a law judge to obtain additional evidence concerning the plaintiff's conditions and residual functional capacity (Tr. 84-85). The law judge was directed to, among other things, "[e]valuate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting

application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas" (Tr. 85).

Upon remand, the plaintiff then received a second hearing on March 19, 2008, before a different law judge. The law judge found that the plaintiff had severe impairments of "temporomandibular joint syndrome (TMJ), left shoulder fracture, cervical, thoracic and lumber [sic] strain, history of a left wrist fracture, history of knee sprain, post concussion syndrome with cephalgia, occipital neuralgia, history of ovarian cyst, endometriosis, and psychogenic non-epileptic seizures" (Tr. 13). He concluded that the plaintiff's anxiety, depression, and substance abuse disorders were nonsevere (id.). The law judge determined that the plaintiff's impairments restricted her to sedentary work as follows (Tr. 14-15):

> The claimant is able to lift and carry ten pounds frequently and occasionally carry articles like docket files, ledgers, and small tools. The claimant can never push or pull with her left upper extremity, but is unlimited in her ability to push and pull with her dominant right upper extremity. The claimant should avoid temperature extremes, climbing ladders, ropes or scaffolds but can frequently climb ramps and stairs. The claimant can frequently balance, stoop, kneel, crouch and occasionally crawl. The claimant can not reach

> above the shoulder with her left upper extremity, side [sic] but can reach in all directions including overhead with her right upper extremity. The claimant can frequently handle with her left hand, and always with her right hand. The claimant is limited in fingering with her left hand but can unlimitedly finger with her right hand (20 CFR 404.1567(a) and 416.967(a)). She has no visual or communicative limitations. She can appropriately interact with the general public, co-workers and supervisors.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 22). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as cashier II, order-clerk food/beverage worker, and telemarketer (Tr. 23). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical

-4-

or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on March 31, 2004, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

-6-

legal standards were applied and legal requirements were met.  Lamb v.
Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts both physical and mental impairments. The
law judge concluded that, although the plaintiff had a number of severe
physical impairments (Tr. 13), she retained the physical residual functional
capacity to perform a range of sedentary work (Tr. 14-15). The plaintiff does
not challenge the law judge's findings regarding her physical residual
functional capacity.

The plaintiff, instead, challenges an aspect of the law judge's
handling of the plaintiff's mental impairments.  Specifically, the plaintiff
contends that the law judge "did not include any limitations set forth in Dr.
[James] Levausseru's [sic] Mental RFC assessment despite Dr. LeVausseur's
[sic] detailed assessment which identifies several moderate functional
limitations resulting from Plaintiff's mental impairments" (Doc. 16, p. 7).

The law judge recognized that the plaintiff was alleging
impairments of depression and anxiety.  He found, however, that those
impairments were nonsevere (Tr. 13).  The law judge pointed out that, in

February 2007, a nonexamining reviewing psychologist, Timothy Foster, Ph.D., opined that the plaintiff's mental impairments imposed no restriction on activities of daily living, mild difficulties in social functioning, and mild difficulties in concentration, persistence, or pace (Tr. 13). In light of these findings, the law judge determined that the plaintiff had nonsevere mental impairments with the mental residual functional capacity to "appropriately interact with the general public, co-workers and supervisors" (Tr. 15).

The plaintiff asserts that "[t]his in no way accurately describes Plaintiff's mental disorders, which impose greater restrictions than the ALJ ascribes" (Doc. 16, p. 8). The plaintiff provides no support for that conclusory assertion. That deficiency is fatal to any challenge to the law judge's determination of the plaintiff's mental residual functional capacity in light of the scheduling Order. That Order requires the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support "any such discrete challenges ... by citations to the record of the pertinent facts" (Doc. 11, p. 2). The plaintiff has not satisfied these requirements with respect to a challenge to the law judge's finding that the plaintiff "can appropriately interact with the general public,

co-workers and supervisors" (Tr. 15). Consequently, any such challenge is deemed abandoned.

The plaintiff's primary challenge is based upon marks placed on a Mental Residual Functional Capacity Assessment form that was filled out by nonexamining reviewing psychologist James LeVasseur, Ph.D., in October 2003 (Tr. 282-84). The plaintiff, as indicated, contends that "the ALJ failed to consider Dr. LeVausseur's [sic] finding in his Mental RFC assessment" (Doc. 16, p. 7). In support of this contention, the plaintiff relies upon the principle articulated in Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986), that the law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence.

In his Summary Conclusions in Part I of the form, Dr. LeVasseur marked as "Moderately Limited," under the heading of "Understanding and Memory," item number 3 on the form concerning "[t]he ability to understand and remember detailed instructions" (Tr. 282). Under the heading of "Sustained Concentration and Persistence," he marked as "Moderately Limited" item number 5 on the form concerning "[t]he ability [to] carry out detailed instructions," item number 6 concerning "[t]he ability to maintain

-9-

attention and concentration for extended periods," and item number 11 concerning "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" (Tr. 282-83). Under the heading of "Adaptation," he marked as "Moderately Limited" item number 17 on the form concerning "[t]he ability to respond appropriately to changes in the work setting." All other items in the twenty-item listing were marked as "Not Significantly Limited."

The law judge did not mention in his decision Dr. LeVasseur's opinion that the plaintiff was moderately limited in these mental categories. However, that failure does not constitute reversible error.

Dr. LeVasseur's reviewing opinions of October 27, 2003, were clearly based on the consultative psychological examination by Fred L. Alberts, Jr., Ph.D., which was conducted on October 10, 2003 (Tr. 280). There simply was no other psychological evaluation in the record at the time Dr. LeVasseur filled out the form. And since Dr. LeVasseur never examined the plaintiff, his opinions of the plaintiff's mental status had to be predicated on Dr. Alberts' report (see Tr. 264).

The law judge specifically considered Dr. Alberts' report and discounted his opinion that the plaintiff had a moderate limitation in attention and concentration (Tr. 13). The plaintiff has not challenged that determination. In light of the scheduling Order, any such challenge is deemed abandoned.

Because the law judge considered, and discounted, the opinion upon which Dr. LeVasseur's opinion was based, it was not necessary for him also to discuss expressly Dr. LeVasseur's opinion. The implicit discounting of Dr. LeVasseur's opinion was clear. See Taylor v. Commissioner of Social Security Administration, 213 Fed. Appx. 778, 780-81 (11th Cir. 2006)(unpub. dec.). Thus, Dr. LeVasseur's opinion was covered by the principle that the law judge does not have to refer specifically in his decision to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

It is appropriate to add that the law judge had before him an opinion from Dr. Foster, also a nonexamining psychologist. In February 2007, Dr. Foster opined that the plaintiff's mental impairments were nonsevere (Tr. 561). He opined that the plaintiff had no limitations in activities of daily living and only mild difficulties in maintaining social

-11-

functions and in maintaining concentration, persistence, or pace (Tr. 571).
The law judge accepted those opinions as reasonable (Tr. 13), and the
plaintiff has made no attempt to show that the evidence compels greater
limitations.   In other words, there was some disagreement between the
opinions from Dr. LeVasseur and Dr. Foster, and the law judge resolved that
conflict in favor of Dr. Foster's opinion without drawing a challenge from the
plaintiff.   Consequently, there is no reason to think that, if this case were
remanded to the law judge with instructions to discuss expressly Dr.
LeVasseur's opinions, the law judge would accept Dr. LeVasseur's opinions
over those of Dr. Foster where there was a conflict.

As a second contention, the plaintiff argues that the hypothetical
question to the vocational expert is flawed because it does not contain mental
limitations reflected in Dr. LeVasseur's form (Doc. 16, p. 10).   This
contention lacks merit.

"In order for a vocational expert's testimony to constitute
substantial evidence, the ALJ must pose a hypothetical question which
comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d
1219, 1227 (11th Cir. 2002).  On the other hand, the law judge is not required

to include in the hypothetical question allegations that have been properly rejected. <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the law judge's mental residual functional capacity finding matched his hypothetical question to the vocational expert (<u>compare</u> Tr. 15, 764-65). Thus, the law judge accepted Dr. Foster's opinion that the plaintiff had no mental limitations in activities of daily living and only mild mental limitations in maintaining social functioning and in maintaining concentration, persistence, or pace (Tr. 13-14), and he expressly included those limitations in his hypothetical question to the vocational expert (Tr. 765). Accordingly, the hypothetical question was not flawed. The law judge did not have to include in the hypothetical questions any moderate mental limitations since he did not find that the plaintiff experienced any. And, as indicated, the plaintiff is not raising any argument regarding her physical capabilities so that there is no challenge to the hypothetical question in that area.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 30th day of September, 2010.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE